96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Diane BANKS, a/k/a Darlene Ann Turner, Defendants-Appellee.
 No. 95-3903.
 United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1996.
 
 Before: KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Defendant-Appellant, Diane Banks, a/k/a Darlene Ann Turner, ("Banks") appeals the district court's upward adjustment in her criminal history category, pursuant to United States Sentencing Guidelines § 4A1.3. For the reasons stated below, we AFFIRM the district court.
 
 I. Statement of the Case
 
 2
 On December 17, 1994, Erika Monique Wilson ("Wilson") purchased computer equipment from a Best Buy Store ("Best Buy") in Dayton, Ohio using a counterfeit Discover credit card and counterfeit identification. On December 21, 1994, loss prevention personnel at Best Buy observed Wilson in their store and contacted local law enforcement officials, who eventually located Wilson in the parking lot of a Mail Boxes Etc. Wilson was with Banks in an Avis rental car. When Wilson and Banks attempted to leave Mail Boxes Etc., the police initiated a traffic stop. Wilson and Banks were taken into custody after a Best Buy employee identified Wilson as the individual who had previously purchased the computer equipment.
 
 
 3
 During a search of the vehicle, the police located two purses that contained two Discover credit cards, a Mastercard credit card, receipts from the two credit cards and four drivers' licenses with Wilson and Banks' photographs but with different names and addresses. The local police turned the investigation over to the United States Secret Service. Further investigation resulted in the discovery of eight counterfeit Mastercard credit cards, five counterfeit Discover credit cards, two social security cards and seventeen Montana and California drivers' licenses. The Secret Service also discovered that the counterfeit credit cards had been used by Banks and Wilson to purchase a total of $49,859.00 worth of goods and services.
 
 
 4
 On January 10, 1995, the federal grand jury for the United States District Court for the Southern District of Ohio returned a five-count indictment naming Banks and Wilson as co-defendants. Count One of the indictment charged Wilson and Banks with conspiracy to commit access device fraud and access device fraud, in violation of 18 U.S.C. §§ 1029(b)(2) and 2. Count Two charged Banks with using a counterfeit access device to commit retail fraud, in violation of 18 U.S.C. §§ 1029(a)(1) and 2. The remaining counts in the indictment involved only Wilson. On March 20, 1995, pursuant to a plea agreement, Banks pled guilty to Count Two of the indictment.
 
 
 5
 The federal probation office filed a presentence report which established Banks' base offense level at 13. The base offense level reflected a two-level increase for more than minimal planning, pursuant to Guidelines § 2F1.1(b)(2), a two-level increase for obstruction of justice, pursuant to Guidelines § 3C1.1, and a two-level reduction for acceptance of responsibility, pursuant to Guidelines § 3E1.1(a). Banks' criminal history category was set at IV, due to three previous felony convictions. Her criminal history calculation did not take into account fourteen other adult convictions, a majority of which involved a theft crime. These convictions were not counted in the criminal history computation because they were more than ten years old.
 
 
 6
 On July 7, 1995, the district court announced its intent to depart upward in Banks' criminal history category. At a July 14, 1995, sentencing hearing, the district court found Banks' should not receive a § 3C1.1 obstruction of justice enhancement. However, the district court did raise Banks' criminal history category from IV to V. The district court reasoned that the upward adjustment was necessary because the Guidelines did not adequately take into account Banks' lengthy criminal history and her likelihood of recidivism. Thus, the district court established Banks' base offense level at 11 and her criminal history category at V. This resulted in a sentencing range of twenty-four to thirty months. The district court sentenced Banks' to thirty months in prison with a three year term of supervised release.
 
 
 7
 Banks' filed a timely notice of appeal.
 
 II. Discussion
 
 8
 On appeal, Banks argues the district court erred by making an upward departure in her criminal history category. She claims this case does not present facts justifying an upward departure.
 
 
 9
 This court applies a two-pronged review of a district court's decision to depart from a defendant's criminal history category. United States v Cali, --- F.3d ----, 1996 WL 338656 * 9 (1st Cir. June 25, 1996). The first prong reviews for an abuse of discretion whether the case presents features that make it sufficiently unusual to warrant departure. Koon v. United States, --- U.S. ----, 1996 WL 315800, * 12 (June 13, 1996). The second prong looks to see if the degree of departure is reasonable. Cali, 1996 WL 338656 at * 9; United States v. Bennett, 975 F.2d 305, 309 (6th Cir.1992).
 
 
 10
 Guidelines § 4A1.3 allows a district court to depart from a defendant's criminal history category "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G § 4A1.3 (Policy Statement); United States v. Fountain, 2 F.3d 656, 670 (6th Cir.1993); Bennett, 975 F.2d at 309. When the district court upwardly departs from a defendant's criminal history category it must set forth its reasons for departure on the record. 18 U.S.C. § 3553(c)(2); United States v. Downs, 955 F.2d 397, 401 (6th Cir.1992). This Circuit has held that recidivism is a factor to be considered by a district court when deciding whether to depart from the Guidelines. Fountain, 2 F.3d at 670; Bennett, 975 F.2d at 309. In addition, convictions not included in the criminal history computation, because they fall outside the ten year rule established by Guidelines § 4A1.2(e)(3), can be considered when enhancing a defendant's criminal history category, provided the conduct is similar. U.S.S.G. § 4A1.2 comment. (n. 8) (Nov. 1, 1994); Fountain, 2 F.3d at 670; Bennett, 975 F.2d at 309-310. In the instant case, the district court did not abuse its discretion by departing upward from Banks' criminal history category. It is clear that Banks' voluminous criminal history creates a situation where departure from the Guidelines is warranted. Banks' criminal record reflects a string of convictions and arrests for various theft type crimes beginning when she was seventeen years old. The district court made it very clear that the upward departure in Banks' criminal history category was based on the likelihood Banks would continue her criminal ways. To support the upward departure, the district court stated:
 
 
 11
 I have concluded, based upon what is in the Probation Report and having assumed as true all the statements that [Banks] made on the witness stand about her past criminal history, that her criminal history category of [IV] significantly underrepresents her prior criminal history or her prior criminal record and/or the likelihood that she will commit further crimes.
 
 
 12
 Additionally, during a sentencing conference, the district court recognized that Banks had 18 prior convictions yet only three were represented in her criminal history category. The district court also noted that Banks' "other convictions are similar [to this one] in the sense of items being taken from the store either by theft or fraudulent means." The district court concluded that "if this woman's criminal history category adequately represents her past criminal record, with the danger of recidivism, then I don't understand the sentencing guidelines."
 
 
 13
 Finally, the departure by the district court was reasonable. When a district court does departs from a defendant's criminal history category it must "first look to the next highest criminal history category before otherwise departing from the Guidelines." United States v. Robinson, 904 F.2d 365, 372 (6th Cir.1990). In the instant case, the district court only raised Banks' criminal history category one level, from IV to V. This departure resulted in a sentencing range of twenty-four to thirty months in prison, a reasonable increase from the eighteen to twenty-four month range she would have received had her criminal history category remained at IV.
 
 III. Conclusion
 
 14
 For the reasons stated above, we AFFIRM the decision of The Honorable Walter H. Rice, United States District Court Judge for the Southern District of Ohio.